

SDB/DAJ:2010R00279

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. RWT-10-171 |
| v. | * | |
| | * | (Conspiracy to Distribute and Possess |
| GREGORY WIMSATT, | * | with Intent to Distribute 50 Kilograms |
| | * | or More of Marijuana, 21 U.S.C. § 846; |
| Defendant | * | Forfeiture, 21 U.S.C. § 853) |
| | * | |

*******

### SUPERSEDING INFORMATION
### AS TO DEFENDANT GREGORY WIMSATT ONLY

FILED _____  ENTERED _____
LOGGED _____  RECEIVED _____

JUN 2 1 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

### COUNT ONE

The United States Attorney for the District of Maryland charges that:

Between in or about July 2007, and on or about March 22, 2010, in the District of Maryland and elsewhere, the defendant,

**GREGORY WIMSATT,**

did knowingly and willfully conspire and agree with others to distribute and possess with intent to distribute at least 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. As a result of the offense set forth in Count One of this Superseding Information, the defendant,

**GREGORY WIMSATT,**

shall, jointly and severally to all defendants listed in the original indictment, forfeit to the United States (1) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of that offense, and all property traceable to such property obtained directly or indirectly as a result of any such violation; and (2) any and all property used, or intended to be used, in any manner or part to commit and to facilitate the commission of any such violation charged in this Indictment, including but not limited to $8,000,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of Title 21, United States Code, Section 881(a)(6), and all interest and proceeds traceable thereto.

2. If any of the property described in paragraph 1 above as being subject to forfeiture, as a result of any act or omission of the defendants,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

2

   e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of the property charged with forfeiture in paragraph above it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), up to the value of $8,000,000.

21 U.S.C. § 853

                _____
                Rod J. Rosenstein
                United States Attorney