IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-RWT-171 |
| ) | |
| ) | |
| GREGORY WIMSATT, ) | |
| Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, Gregory Wimsatt, pled guilty pursuant to a written plea agreement to Count One of the Superseding Information, charging him with conspiracy to distribute and possess with intent to distribute at least 50 kilograms of marijuana in violation of 21 U.S.C. § 846.

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit to the United States $32,070.11 in United States currency, one Gent's hand assembled Jacob & Co. sport dress 5 time zone wrist watch, serial # A1370; and 14KT white gold Gent's combination cast & hand assembled diamond fashion ring with a bright polish finish, trademark RJM. ("the Subject Property"), as property derived from and/or involved in the commission of the offense; and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

Revised 9/27/2011

1. Pursuant to 21 U.S.C. §853, 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed.R.Crim.P. 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party – and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) – the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues before the court holds a hearing on the petition.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Deborah A. Johnston U.S. Attorney's Office, Greenbelt, Maryland.

Date: October 26, 2011

Roger W. Titus
United States District Judge