IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREGORY WIMSATT,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-12-1042 |
| | * | Criminal Action No. RWT-10-171 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

On April 4, 2012, Petitioner Gregory Wimsatt filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ("Pet'r's Motion," Doc. No. 212). Mr. Wimsatt's sole challenge to his sentence is that he received ineffective assistance of counsel as a result of his attorney's failure to argue for the application of a provision of the United States Sentencing Guidelines known as the "safety valve." On August 16, 2012, Respondent, the United States of America (the "Government"), filed a Response to Petitioner's Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255. ("Gov't's Response," Doc. No. 234). On March 29, 2013, Petitioner filed a Supplement to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 & Request for a Hearing. ("Pet'r's Supplement," Doc. No. 257). On May 29, 2013, Petitioner submitted a letter in support of his Motion requesting that the Court consider these matters promptly as Mr. Wimsatt expects to be released from custody by early 2014. (Doc No. 258).

### Background

On June 6, 2011, a Superseding Information charged Mr. Wimsatt with conspiracy to distribute and possess with intent to distribute at least 50 kilograms of marijuana in violation of

21 U.S.C. § 846. On June 21, 2011, Mr. Wimsatt waived indictment and pleaded guilty to the Superseding Information. The plea agreement specified that the advisory guidelines would apply, that there was no agreement as to his criminal history and that no other offense characteristics, sentencing guideline factors, potential departures or adjustments would be raised. (Doc. No. 150).

At the October 26, 2011 sentencing, defense counsel argued for a sentence of time served, supervised release and drug treatment based on the factors set out in 28 U.S.C. § 3553. He also argued that an appropriate sentence should focus on Mr. Wimsatt's need for mental health and drug treatment and rehabilitation. (Gov't's Response). The Court sentenced Mr. Wimsatt, under the United States Sentencing Guidelines, to 42 months' imprisonment followed by three years of supervised release. (Doc. No. 191). Mr. Wimsatt did not file an appeal.

On April 4, 2012, Mr. Wimsatt filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Wimsatt's Motion attacks his sentence on the basis of alleged ineffective assistance of counsel. Specifically, Petitioner challenges his counsel's failure to move for a sentence reduction under the "safety valve," U.S.S.G. § 2D1.1 and § 5C1.2.

## Analysis

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2006); *Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958). If the motion to vacate, set aside, or correct sentence, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28

U.S.C. § 2255(b); *United States v. White,* 366 F.3d 291, 296-7 (4th Cir.2004) (evidentiary hearing not required where a petitioner's allegations are "so palpably incredible, so patently frivolous or false as to warrant summary dismissal.").

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, defendants must show (1) that their counsel's performance was so "deficient" that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" (the "performance prong"); and (2) that the defendant suffered prejudice as a result (the "prejudice prong"). *Id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Mr. Wimsatt fails to make a showing sufficient to satisfy either *Strickland* prong. In order to meet the performance prong, Petitioner must show that his representation "fell below an objective standard of reasonableness" and must overcome the Court's strong presumption that the attorney's conduct fell within the "wide range of reasonable professional assistance." *Strickland,* 466 U.S. 687-89. Mr. Wimsatt's defense counsel filed an Affidavit in conjunction with the Government's Response showing that he made a strategic, tactical decision not to request a reduction under the safety valve during sentencing. (Gov't's Response, Ex. 3). The Affidavit states that "acting in what counsel believed to be the Defendant's best interest, rather than attempt to go outside the plea agreement and open the door to extensive evidence of the full scope of Defendant's involvement in this Conspiracy and to evidence that he was not truthful with the Government, Counsel proceeded to sentencing focusing on the Defendant's need for treatment and other factors under 18 U.SC §3553(a)." (Gov't's Response, Ex. 3). The Court "should be extraordinarily slow to second-guess" strategies of counsel. *Roach v. Martin,* 757

F.2d 1463, 1477 (4th Cir. 1985). As evidenced by the communications included with Petitioner's Supplemental Motion, counsel considered raising the safety valve but made a tactical decision not to. According to his Affidavit, counsel believed that the Government would oppose the safety valve and he did not want to risk raising additional issues unfavorable to his client. Whether or not this was the most effective strategy is not for the Court to opine as "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). The Court, therefore, finds that counsel's decision was reasonable, appropriate and clearly within the standards of the profession.

While it is unnecessary to reach this issue, the Court notes that Petitioner has also failed to show that he suffered any prejudice, or to demonstrate that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986) ("Under Strickland, a mere possibility that the result might have been different does not suffice."). Given that counsel's performance was objectively reasonable and that Petitioner has presented no evidence that he was prejudiced by counsel's failure to request application of the safety valve at sentencing, a hearing on whether Petitioner would have been eligible for the safety valve is unnecessary.

Accordingly, it is, this 18th day of October, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 212) is **DENIED**; and it is further

**ORDERED**, that Petitioner's Request for a Hearing (Doc. No. 257) is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability shall not be issued; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Order to Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
